ROGER WILLSON et al., Respondents, v. HARRY HOYLE CONTRACTING CO., INC., Appellant.— In an action to recover damages for injury to property caused by settlement of land, alleged to have resulted from defendant's breach of its agreement to repair, within a reasonable time, a retaining wall, defendant appeals from an amended judgment of the County Court, Rockland County, entered October 21, 1960 after trial, upon a jury's verdict of $4,062 in plaintiffs' favor. Amended judgment reversed on the law and the facts, and a new trial ordered, with costs to abide the event. Plaintiffs purchased a house and lot from defendant. As of closing of title in February, 1958, the property was in bad condition. A large part of the retaining wall 33 feet east of the dwelling had fallen away. Soil had washed down a slope onto the adjoining property to the east. Large holes were in the driveway and in part there was no driveway at all. The garage floor was defective and the door would not meet the floor, and it sagged. Upon the closing, the defendant agreed, in writing, *inter alia,* to repair the retaining wall within a reasonable time after closing of title. It was apparently understood by the parties that such reasonable time would be any time up to April, 1958. The repair was not made by that date, however, despite plaintiffs' repeated requests. In the Spring of 1959, defendant announced no more money would be spent as of that time to make the repair. By that time, with sagging of garage and driveway continually getting worse, the dwelling also had sagged. The jury awarded plaintiffs $4,062 as damages. In our opinion, there is no basis in this record for the amount of the damages awarded. The closing agreement contemplated repair of the retaining wall by April, 1958. Plaintiffs are entitled to recover only such damages as they thereafter sustained and as were caused by defendant's breach of its agreement to repair the wall. The proof fails to distinguish clearly between the damages sustained before and after April, 1958, and between the damages proximately resulting from defendant's breach and other damages suffered by plaintiffs for which the defendant is not liable. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.